UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL TODD COOKE,

Petitioner,

v.                                    Case No: 6:17-cv-1957-Orl-28KRS

SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

Respondents.
_____/

**ORDER OF DISMISSAL**

This matter comes before the Court upon a petition for habeas corpus relief ("Habeas Petition") filed under 28 U.S.C. § 2254 by Michael Todd Cooke ("Petitioner" or "Cooke"), a prisoner of the Florida Department of Corrections (Doc. 1). Cooke, proceeding *pro se*, attacks the convictions and sentences entered by the Eighteenth Judicial Circuit Court in Seminole County, Florida for trafficking in illegal drugs, conspiracy to traffic in illegal drugs, possession of a firearm by a convicted felon, and carrying a concealed firearm. *Id.* Respondents ask this Court to dismiss the Habeas Petition as untimely filed (Doc. 13). Cooke filed a reply (Doc. 18), and the petition is ripe for review.

Cooke raises a total of four claims and sub-claims in his Habeas Petition. However, the Court cannot reach the merits of these claims because, as explained below,

the pleadings, exhibits, and attachments before the Court establish that the petition must be dismissed as untimely.

## I. Background and Procedural History[1]

On August 21, 2013, Cooke was charged by amended information with trafficking in illegal drugs and carrying a firearm while trafficking, contrary to Florida Statutes §§ 893.03(1)(b) or (2)(a), 893.135(1)(c)1, 775.087(1) and 775.087(2)(a)1 (count one); conspiracy to traffic in illegal drugs while carrying a firearm, contrary to Florida Statutes §§ 893.03(1)(b) or (2)(a), 893.135(1)(c)1, 775.087(1), and 893.135(5) (count two); possession of a firearm by a convicted felon, contrary to Florida Statutes §§ 790.23(1), 790,23(3), and 775.087(2)(a)1 (count three); and carrying a concealed firearm, contrary to Florida Statute § 790.01(2) (count four) (Ex. 1, Doc. 13-2 at 5-6).

On October 14, 2013, Cooke pleaded no contest to each count pursuant to a plea agreement (Ex. 2, Id. at 8-10; Ex. 3, Id. at 12-29). The trial court sentenced him to fifteen years in prison each on counts one and two and to three years in prison each on counts three and four with all counts to run concurrently (Ex. 3, Id. at 25).

On August 8, 2014, Cooke filed a *pro se* petition for belated appeal in which he asserted that his attorney, Scott Sterling ("Counsel"), failed to file a notice of appeal (Ex. 5, Id. at 39-40). Florida's Fifth District Court of Appeal ("Fifth DCA") ordered Cooke to supplement his petition with the date on which he requested Counsel to file the notice of

---

[1] Unless otherwise indicated, citations to exhibits or appendices are to those filed by Respondents on March 9, 2018 (Doc. 13).

2

appeal (Ex. 6, Id. at 44). Cooke did not do so, and on September 15, 2014, the Fifth DCA dismissed the petition without prejudice (Ex. 7, Id. at 46).[2] On April 15, 2015, Cooke filed a second petition for belated appeal, which was denied on June 3, 2015 (Ex. 8, Id. at 48-55; Ex. 11, Id. at 71).

On November 2, 2015, Cooke filed a motion for post-conviction relief under Rule 3.850 of the Florida Rules of Criminal Procedure ("Rule 3.850 Motion") in which he raised seven grounds of ineffective assistance of counsel (Ex. 12, Id. at 73-106). The post-conviction court summarily denied the first four grounds of the Rule 3.850 Motion, scheduled an evidentiary hearing on grounds five and six, and reserved ruling on the seventh ground (Ex. 15, Id. at 119-122). After holding the evidentiary hearing, the court denied the remaining grounds (Ex. 17, Id. at 166-167). Thereafter, Cooke, through post-conviction counsel, filed a notice of appeal (Ex. 18, Id. at 169-170). Cooke filed a motion to dismiss post-conviction counsel and to proceed *pro se* (Ex. 19, Id. at 172-174; Ex. 20, Id. at 176-177). After holding a hearing, the court concluded that post-conviction counsel was not ineffective but allowed Cooke to dismiss post-conviction counsel (Ex. 22, Id. at 181-199; Ex. 23, Id. at 201-203). Florida's Fifth DCA affirmed the denial of the Rule 3.850 Motion (Ex. 28, Id. at 240); *Cooke v. State*, 229 So. 3d 1246 (Fla. 5th DCA 2017). Mandate issued on March 17, 2017 (Ex. 29, Doc. 13-2 at 242).

On April 12, 2017, Cooke filed a motion for the post-conviction court to alter or amend its order denying his Rule 3.850 Motion (Ex. 31, Id. at 286-291). The trial court

---

[2] Petitioner claims that he did not receive the order to supplement (Ex. 10, Id. at 63).

3

denied the motion, and Florida's Fifth DCA affirmed on November 28, 2017 (Ex. 36, Id. at 367); *Cooke v. State*, 238 So. 3d 268 (Fla. 5th DCA 2017). Petitioner's motion for rehearing was denied. (Ex. 37, Doc. 13-2 at 369-371; Ex. 39, Id. at 375). Mandate issued on January 31, 2018 (Ex. 39, Id. at 377). On February 1, 2018, Cooke filed another motion for rehearing which was stricken as untimely, unauthorized, and without merit on February 2, 2018 (Ex. 40, Id. at 379-384; Ex. 41, Id. at 387).

Cooke signed his Habeas Petition on November 8, 2017 (Doc. 1).[3]

## II. Discussion

Title 28 U.S.C. § 2244 of the Antiterrorism Effective Death Penalty Act ("AEDPA") provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

---

[3] Under the "mailbox rule," a pleading is considered filed by an inmate on the date it was delivered to prison authorities for mailing, which (absent contrary evidence) is the date it was signed. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

> retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Here, Cooke does not allege—nor does it appear from the pleadings or record—that the statutory triggers set forth in §§ 2244(d)(1)(B)-(D) apply. Therefore, the statute of limitations will be examined from the remaining statutory trigger, which is the date on which Cooke's convictions became final. 28 U.S.C. § 2244(d)(1)(A).

### a. Cooke's Habeas Petition is untimely under 28 U.S.C. § 2244(d)(1)(A)

Cooke entered his no contest plea on October 14, 2013. He then had thirty days, or through November 13, 2013, to either move to withdraw his plea or file an appeal. Fla. R. Crim. P 3.170(l); Fla. R. App. P. 9.140(b)(3). Because he did not do so, Cooke's conviction became final on November 13, 2013. *See Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002) (where petitioner did not seek direct review of his judgment of conviction or sentence, his judgment of conviction (entered upon his guilty plea) became "final" for purposes of § 2244 on the date his 30-day right to appeal expired).

Cooke had until November 14, 2014 to file a § 2254 petition. However, he did not do so until November 8, 2017. Accordingly, his Habeas Petition was filed 1090 days late unless tolling principles apply to render it timely.

b. **Cooke is not entitled to statutory tolling of the AEDPA statute of limitations**

As noted above, § 2244(d)(2) provides that the time during which a properly-filed application for State post-conviction relief is pending is not counted against the AEDPA statute of limitations. Cooke filed no proper tolling motions during his limitations period.

On August 8, 2014, after 267 days of his AEDPA limitations period had passed, Cooke filed a petition for belated appeal (Ex. 5, Doc. 13-2 at 39-40). However, neither this petition, nor the second petition for belated appeal, filed on April 15, 2015, tolled Cooke's one-year limitations period because a petition for a belated appeal is not an application for collateral review within the meaning of § 2244(d). *Danny v. Sec'y, Fla. Dep't of Corr.*, 811 F.3d 1301, 1302 (11th Cir. 2016) (applying *Espinosa v. Sec'y, Fla. Dep't of Corr.*, 804 F.3d 1137 (11th Cir. 2015)).

Cooke filed a Rule 3.850 motion on November 2, 2015 (Ex. 12, Doc. 13-2 at 73-106). However, because the one-year limitations period had already expired, neither the Rule 3.850 Motion nor any of his subsequent state-court post-conviction pleadings tolled the AEDPA statute of limitations. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (recognizing that a state court petition that is filed after the expiration of the federal limitations period cannot toll that period because there is no remaining period to be tolled) (citing *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)). Accordingly, Cooke is not entitled to statutory tolling of the one-year AEDPA limitations period.

c. **Cooke is not entitled to equitable tolling of the AEDPA statute of limitations**

Cooke asserts that after he was sentenced, he instructed Counsel to file a notice of appeal (Doc. 1 at 5). After hearing nothing from Counsel for several months, Cooke asked his mother to call the public defender's office to ask about his direct appeal (*Id.*). Cooke claims that trial counsel "failed to respond to all attempts made to contact him, severing the principle-agent relationship, effectively abandoning Mr. Cooke without notice." (*Id.*). Cooke claims that he did not learn of Counsel's failure to file a notice of appeal until August 5, 2014—after he directly contacted the appellate court (Doc. 18 at 3). He urges that "[t]here is no reasonable theory or argument to support [Counsel's] abandonment of Cooke without notice, but for Counsel's failure this Petition would be timely." (Doc. 1 at 7).

The United States Supreme Court has held that the one-year statutory limitation period set forth in § 2244(d) is "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is appropriate when a petitioner demonstrates that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way to prevent timely filing. *Id.* at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[T]he reasonable diligence and extraordinary circumstance requirements are not blended factors; they are separate elements, both of which must be met before there can be any equitable tolling." *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1225 (11th Cir. 2017) (citing *Menominee Indian Tribe of Wisc. v. United States*, 136 S. Ct. 750, 757 n.5 (2016)).

In order for an attorney's actions to be considered an "extraordinary circumstance" that would justify equitable tolling of the one-year statute of limitations for filing a § 2254 petition, a petitioner must demonstrate a serious instance of attorney misconduct such as abandonment of the attorney-client relationship, bad faith, dishonesty, divided loyalty, or mental impairment. *See Thomas v. Att'y Gen., Fla.*, 795 F.3d 1286, 1293-4 (11th Cir. 2015). "The diligence required for equitable tolling purposes is 'reasonable diligence,'... 'not maximum feasible diligence....' " *Holland*, 560 U.S. at 653 (internal quotations and citations omitted).

Cooke asserts that Counsel's failure to file a direct appeal constituted abandonment. (Doc. 1 at 5). Even assuming, without finding, that Counsel's failures to file a direct appeal and to alert Cooke or his mother of such were "extraordinary circumstances," Cooke has not pleaded sufficient facts demonstrating that Counsel's misconduct actually prevented Cooke from filing a timely federal habeas petition or that Cooke diligently sought to preserve his federal habeas rights. Cooke knew on August 5, 2014 (when he still had more than three months of the one-year limitations period remaining) that Counsel had not filed a direct appeal (Doc. 1-1 at 7).[4] In fact, even *after*

---

[4] Cooke actually knew of, or suspected, Counsel's alleged abandonment months prior to this date. He attaches an affidavit from his mother who attests that she unsuccessfully tried to contact Counsel "numerous times" between February 2014 and July 2014 (Doc. 1-1 at 3). She attests that Counsel's office assured her that he would return her calls, but that "[d]uring the months I repeatedly called, I never spoke to [Counsel] or received a telephone call from him or anyone on his behalf, regarding [Cooke's] appeal or case." (*Id.*). Cooke does not explain why, in light of Counsel's numerous unreturned calls, he waited more than nine months to check on the status of his direct appeal.

his petition for a belated appeal was dismissed on September 15, 2014, Cooke had two months remaining to either file a § 2244(d)(2) tolling motion or a timely § 2254 petition (Ex. 7, Doc. 13-2 at 46). Instead of doing so, Cooke waited seven months before filing a second petition for a belated appeal. After his second petition for a belated appeal was denied, Cooke waited five additional months to file a Rule 3.850 Motion. In other words, Cooke allowed a full year to lapse during which he had nothing pending in state court. He does not assert that anything prevented him from filing a Rule 3.850 Motion—which would have tolled the AEDPA statute of limitations—while attempting to pursue a belated direct appeal or even immediately after the first belated appeal was denied— when he had time remaining on his one-year habeas clock. See *Meintzer v. State*, 943 So. 2d 966 (Fla. 5th DCA 2006) (noting that the trial court is not divested of jurisdiction to consider a Rule 3.850 motion until a belated appeal is actually granted).[5]

Although the delay in learning that no direct appeal had been filed inconvenienced Cooke, he has not shown that it actually <u>caused</u> the Habeas Petition to be filed three years late. See *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (A petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition."). Nor has Cooke demonstrated that he exercised reasonable diligence in pursuing his federal habeas rights. Based on the

---

[5] Petitioner's failure to timely prepare a Rule 3.850 Motion underscores his lack of reasonable diligence because Petitioner knew from his plea agreement and plea colloquy that he had waived his right to appeal on most issues and that his "only remaining remedy was via collateral attack" (Ex. 8, Doc. 13-2 at 51).

foregoing, the Court concludes that Cooke is not entitled to statutory or equitable tolling of the one-year limitations period.

Cooke's Habeas Petition is dismissed as time-barred pursuant to 28 U.S.C. § 2244(d). Any of Cooke's allegations that attempt to excuse his failure to file a petition within the one-year period of limitation that are not specifically addressed herein are without merit.

### III. Certificate of Appealability[6]

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 276 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack*, 529 U.S. at 484). Cooke has not made the requisite showing in these circumstances, and he is not entitled to a certificate of appealability.

---

[6] Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *Id.* As this Court has determined that Petitioner is not entitled to habeas corpus relief, it must now consider whether he is entitled to a certificate of appealability.

Because Cooke is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The 28 U.S.C. § 2254 Habeas Petition filed by Michael Todd Cooke is **DISMISSED WITH PREJUDICE** as time-barred.

3. Cooke is **DENIED** a Certificate of Appealability.

4. The Clerk of the Court is directed to enter judgment accordingly, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Orlando, Florida on December 5, 2018.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party
OrlP-4

11